ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO DE AGUADA AHORA COOPERATIVA DE AHORRO Y CRÉDITO DE CAMUY<br><br>Parte Recurrida<br><br>v.<br><br>LUIS ÁNGEL JIMÉNEZ RAMÍREZ<br><br>Parte Peticionaria | TA2025CE00711 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: A CD2013-0034<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

El 19 de febrero de 2013, la parte recurrida, Cooperativa de Ahorro y Crédito de Aguada, presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca, por virtud de varios préstamos concedidos a la parte peticionaria, Sr. Luis Ángel Jiménez Ramírez, avalados con sus correspondientes inmuebles gravados con hipotecas.[1] Observados los procedimientos de rigor, el 22 de enero de 2015, el TPI dictó *Sentencia* y declaró con lugar la reclamación.[2] La determinación advino final y firme.

Luego de un extenso procedimiento postsentencia y otras múltiples reclamaciones judiciales instadas infructuosamente por el peticionario,[3] innecesarios de pormenorizar, se realizó la correspondiente venta judicial el 27 de febrero de 2024. La *Orden de Confirmación de Adjudicación o Venta Judicial* se dictó el 5 de marzo de 2024, enmendada el 8 de abril de 2024. A tales efectos, se otorgaron sendos instrumentos públicos de venta judicial

---

[1] Apéndice 1 de la parte peticionaria, págs. 1-10 (entradas 1 y 3 del apéndice en SUMAC).
[2] Notificada el 26 de enero de 2015; véase, Anejo 20 de la parte recurrida.
[3] El proceso postsentencia se paralizó en diversas ocasiones, dado que el señor Jiménez Ramírez presentó varias peticiones de quiebra ante el Tribunal Federal de Quiebras. Véase un resumen, por ejemplo, en nuestra previa determinación en el caso KLCE202401094. Refiérase también a los Anejos 11-12 y 18 de la parte recurrida.

y cancelación de pagarés; a saber: Escritura Pública 35 de 5 de abril de 2024 y Escritura Pública 46 de 23 de abril de 2024.[4]

En lo que nos atañe en esta ocasión, surge del expediente que el 29 de septiembre de 2025, la parte recurrida presentó la *Moción en auxilio para completar lanzamiento*.[5] Expuso que el último caso de quiebra[6] había sido desestimado el 24 de julio de 2025[7] y el foro federal se negó a reconsiderar el 24 de septiembre de 2025.[8]

En respuesta, el 7 de octubre de 2025, notificada al día siguiente, el TPI autorizó el lanzamiento solicitado por la parte recurrida.[9] Entonces, el 15 de octubre de 2025, el señor Jiménez Ramírez, representado por el Lcdo. José F. Gierbolini Bonilla, instó la *Moción para que se deje sin efecto Orden de este honorable tribunal por falta de notificación de escrito de la parte demandante de epígrafe*.[10] Arguyó que no le había sido notificada la referida moción de la parte recurrida y añadió que procedía la paralización inmediata del lanzamiento, porque presuntamente los procedimientos de una petición de quiebra no habían advenido finales y firmes. Así las cosas, el 20 de octubre de 2025, notificada el día 22 de idéntico mes y año, el TPI dictó la *Orden* recurrida y declaró no ha lugar el petitorio.[11]

Inconforme, el señor Jiménez Ramírez acudió ante este foro intermedio el 3 de noviembre de 2025, mediante el auto discrecional del

---

[4] Anejos 52-53 de la parte recurrida. Además, tomamos conocimiento judicial del Anejo 12 (entrada 11) del caso *Luis Ángel Jiménez Ramírez v. Corporación Pública para la Supervisión y Seguro de Cooperativas de Puerto Rico (Cossec) y Otros* (SJ2024CV09544), que el peticionario menciona en el recurso del título.

[5] Anejo 67 de la parte recurrida. El escrito judicial no contiene una certificación de notificación a la parte peticionaria. La parte recurrida aludió a la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, que versa sobre la ejecución de sentencia, para explicar su omisión.

[6] Caso 25-01783 instado el 22 de abril de 2025 en la Corte de Quiebras para el Distrito de Puerto Rico; véase, Anejo 13 de la parte recurrida.

[7] Anejo 14 de la parte recurrida.

[8] Anejos 15-16 de la parte recurrida. Al respecto, si bien el peticionario solicitó la reapertura del caso de quiebras el 30 de octubre de 2025, el foro federal denegó la solicitud el 20 de noviembre de 2025. Véanse, Anejos 17 y 68 de la parte recurrida. Ante dicho foro se dirime un procedimiento adversativo, en que el peticionario demandó a la parte recurrida, a su representación legal, el Lcdo. Luis Nazario Maldonado, y al Hon. Abid Eriel Quiñones Portalatín, quien dictó la *Orden* aquí impugnada. Refiérase, al Anejo 18 de la parte recurrida.

[9] Apéndice 15 de la parte peticionaria, pág. 75 (entrada 21 del apéndice en SUMAC).

[10] Apéndice 16 de la parte peticionaria, págs. 76-77 (entrada 22 del apéndice en SUMAC).

[11] Apéndice 17 de la parte peticionaria, pág. 78 (entradas 2 y 23 del apéndice en SUMAC).

título, para impugnar esta última *Orden*. En el recurso, esbozó los siguientes errores:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL EMITIR DICTAMEN AUTORIZANDO EL LANZAMIENTO DE LA PARTE RECURRENTE DE SU VIVIENDA PRINCIPAL, PESE A QUE DICHA PARTE SE ACOGIÓ A UN PROCESO DE QUIEBRA QUE PRIVA DE JURISDICCIÓN AL FORO DE INSTANCIA SOBRE ESTE CASO Y DICHO PROCESO DE QUIEBRA NO HA ADVENIDO FINAL Y FIRME.

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL EMITIR DICTAMEN AUTORIZANDO EL LANZAMIENTO DE LA PARTE RECURRENTE DE SU VIVIENDA PRINCIPAL TOMANDO EN CUENTA UN ESCRITO DE LA PARTE RECURRIDA QUE NO LE FUE NOTIFICADO A LA PARTE RECURRENTE, CONSTITUYENDO ELLO UNA VIOLACIÓN PATENTE DEL DEBIDO PROCESO DE LEY QUE VICIA DE NULIDAD DICHO DICTAMEN Y PERMITE A LA PARTE RECURRENTE SER RELEVADO DEL MISMO DE CONFORMIDAD CON LA REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL, SUPRA.

El peticionario, a su vez, acompañó el recurso ante nos con una *Moción en auxilio de jurisdicción*. En ésta, planteó que el lanzamiento se efectuaría el 3 de noviembre de 2025 y solicitó nuestra intervención para paralizarlo, ya que no había sido notificado del escrito del recurrido y porque tenía un "caso activo" ante el Tribunal Federal de Quiebras. Mediante nuestra *Resolución* emitida en la misma fecha, atendimos la *Moción en auxilio de jurisdicción* y la declaramos no ha lugar. Inconforme, el señor Jiménez Ramírez solicitó oportunamente que reconsideráramos la determinación de no paralizar los procedimientos postsentencia.[12]

De otro lado, en cumplimiento de nuestra *Resolución* de 13 de noviembre de 2025, la parte recurrida presentó la *Oposición a expedición de auto de certiorari* el día 21 siguiente.

Como cuestión de umbral, revisamos la petición postsentencia al palio de los siete criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 62-63.[13] Ahora bien, como se conoce,

---

[12] El 12 de noviembre de 2025, la representación legal del peticionario, a cargo del Lcdo. José F. Gierbolini Bonilla, corrigió las deficiencias señaladas por nuestra Secretaría, con relación a la omisión de las firmas electrónicas en los escritos presentados.

[13] Al determinar la expedición de un auto de *certiorari*, este Tribunal toma en consideración los siguientes criterios:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia allí citada.

En este caso, la parte peticionaria presentó un recurso de *certiorari*, junto a una moción en auxilio de jurisdicción el 3 de noviembre de 2025. Según reseñamos, recurrió una *Orden* notificada el 22 de octubre de 2025, la cual a su vez estaba relacionada con otra determinación notificada el 8 de octubre de 2025. A pesar de argüir que aún se hallaba sujeto al procedimiento de quiebra y que procedía la paralización automática, el señor Jiménez Ramírez omitió decir que dicho caso había sido desestimado el 24 de julio de 2025. Nótese también que, en consideración a la observancia de la venta judicial, la emisión de la *Orden de Confirmación de Adjudicación o Venta Judicial* y el otorgamiento de las Escrituras Públicas 35 y 46 en 2024, tal como expresó el Hon. Quiñones Portalatín allá para el 24 de abril de 2025, "la residencia es de la Cooperativa y no del demandado".[14]

Cabe señalar que, en su escrito, el peticionario aludió al caso SJ2024CV09544 por sí incoado, en el que sostuvo que estaban planteados asuntos jurisdiccionales y de debido proceso de ley. Sin embargo, el peticionario nuevamente suprimió el dato acerca que el pleito fue desestimado con perjuicio el 2 de julio de 2025. El dictamen advino final y

---

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

[14] Anejo 62 de la parte recurrida.

firme el 21 de agosto de 2025. En cuanto a la invocación a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, sobre relevo de sentencia, reiteramos nuestros pronunciamientos sobre que el peticionario pretende utilizar como subterfugio la norma procesal para relitigar el asunto del lanzamiento, el cual surge de una *Sentencia* final, firme e inapelable, que fue emitida válidamente en cumplimiento del debido proceso sustantivo y procesal.

En suma, luego de un análisis de los criterios utilizados por este foro apelativo para evaluar un recurso de *certiorari*, conforme lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*, opinamos que el TPI no erró, ni abusó crasamente de su discreción, ni actuó con prejuicio o parcialidad. Ciertamente, el señor Jiménez Ramírez no nos persuadió para interferir en la consecución de la actual etapa de los procedimientos postsentencia.

Así, pues, examinada la *Moción de reconsideración en cuanto a auxilio de jurisdicción* presentada el 12 de noviembre de 2025, se resuelve no ha lugar y reafirmamos nuestra negativa de paralizar los procedimientos en curso.

En cuanto a la *Petición de Certiorari*, procedemos a denegar su expedición. La *Orden* impugnada es correcta en derecho por lo que le dispensamos total deferencia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones